Filed 4/20/21  Neff v. Boschee CA2/6

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| BURKLEY NEFF et al.,<br><br>  Plaintiffs and Appellants,<br><br>v.<br><br>HOLLY BOSCHEE et al.,<br><br>  Defendants and Respondents. | 2d Crim. No. B302775<br>(Super. Ct. No. 56-2015-00471260-CU-WE-VTA)<br>(Ventura County) |

Burkley Neff and Renita Kay Griffin appeal an order denying their motion for attorney fees pursuant to Civil Code section 789.3, subdivision (d) (attorney fees to prevailing party in wrongful eviction action).[1]  We affirm the trial court's order denying attorney fees.

This is the third appeal arising from a lawsuit regarding the ouster of Neff and Griffin from Neff's Fillmore home following foreclosure proceedings.  Their possessions, including sentimental

---

[1] All statutory references are to the Civil Code unless stated otherwise.

personal property, were removed from the home and damaged or destroyed when placed in a trailer and open boat parked outside the home.  Prior to trial, Neff and Griffin received a statutory offer to compromise which they refused.  Following a jury trial, they received a verdict for economic and noneconomic damages against caretaker Holly Boschee, real estate agent Carol Anderson, and real estate firm Vere Enterprises, Inc., doing business as RE/MAX of Valencia.[2]  Neff appeals and raises claims regarding the denial of his motion for attorney fees.[3]  We reject his claims and affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 3, 2015, Neff filed a verified first amended complaint alleging causes of action for wrongful eviction and conversion, among others.  Neff alleged that he was the owner of residential real property located at 353 4th Street in Fillmore.  On June 2, 2015, Bank of America held a foreclosure sale of the property.  Neff and Griffin were then in legal possession, but temporarily residing elsewhere, caregiving for an elderly family member.  Prior to the date of the foreclosure sale, Neff permitted Boschee to move onto the property as a caretaker.

---

[2] To ease the reader's task, we sometimes refer to the parties Neff and Griffin as "Neff," and Anderson and RE/MAX of Valencia as "RE/MAX" except where clarity demands that we draw a distinction.  Neff was the owner of the Fillmore property and Griffin is his fiancée.

[3] RE/MAX contests the timeliness of Neff's notice of appeal.  We grant RE/MAX's request for judicial notice of the January 27, 2020, filing date of the amended judgment.  The notice of appeal was timely filed, however, given that the Ventura Superior Court declared court closures due to the COVID-19 pandemic from March 19, 2020, through June 9, 2020.

The first amended complaint also alleged that following the foreclosure sale, Anderson contacted Neff and offered him "cash for keys."  Neff refused.  Anderson then contacted Boschee and made the same offer.  Boschee accepted, and then carelessly removed Neff's and Griffin's possessions, placing them in a boat and trailer parked in the driveway and exposing them to the weather.  Boschee and RE/MAX also changed the locks to the property.  At that time, Bank of America had not served Neff with a notice to quit the premises or an unlawful detainer action.  The complaint attached photographs of Neff's personal property in the open boat and trailer.

Prior to trial, RE/MAX made a statutory offer to compromise with Neff, pursuant to section Code of Civil Procedure 998.  RE/MAX offered Neff $27,501 in exchange for a dismissal of the action and mutual release.  RE/MAX proposed that the parties bear their own costs, attorney fees, and expenses.  The written offer to compromise warned that if Neff failed to obtain a more favorable judgment at trial, he could not recover his post-offer costs and would pay RE/MAX's costs from the time of the statutory offer.  Neff refused the statutory offer to compromise and, in mid-April 2017, the matter proceeded to trial.

Following presentation of evidence and deliberations, the jury completed special verdict forms and decided in favor of Neff on causes of action for wrongful eviction and conversion, among others.  The jury apportioned fault concerning the wrongful eviction cause of action as 50 percent for RE/MAX, 40 percent for Boschee, and 10 percent for an entity not named as a party.  It awarded $5,000 damages for economic loss of property, $6,525 for medical expenses, and $20,000 for noneconomic loss, including emotional distress.

3

On June 5, 2017, Neff filed a motion to tax costs regarding the memorandum of costs filed by RE/MAX. Neff argued in part that the offer to compromise was invalid and unenforceable because it was too broad in scope. The trial court permitted supplemental briefing concerning this issue and later ruled that the offer to compromise was valid and was not an "untethered release such as the one at issue in *Ignacio v. Caracciolo* (2016) 2 Cal.App.5th 81, 89."

Neff also filed a motion for attorney fees based upon his wrongful eviction from the property. (§ 789.3, subd. (d).) Following written briefing and oral argument, the trial court denied the motion. In ruling, the court stated that "there is no statutory authority authorizing such fees" and that "section 789.3 appears inapplicable."

On January 10, 2020, the trial court entered an amended judgment. After adjusting for recovery of RE/MAX's $26,888.61 costs based upon Neff's refusal of the statutory offer to compromise, the court ordered Neff to pay $4,613.61 to RE/MAX. The court also ordered Boschee to pay Neff her portion of the noneconomic damages.

Neff appeals and challenges the trial court's denial of the motion for attorney fees.

## DISCUSSION

Neff argues that section 789.3, concerning wrongful eviction, is not limited to the conventional landlord-tenant relationship. He asserts that an interpretation of the statute to embrace the circumstances here is within our independent review. Neff adds that in a related appeal, Boschee stated that RE/MAX was the "landlord" of the property. He also contends that he and Griffin were holdover tenants or tenants at

4

sufferance. (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 820 [tenant who remains in possession after foreclosure sale is a holdover tenant].)

Section 789.3, subdivision (b)(3) prohibits a landlord from locking out a tenant or removing his belongings without "lawful eviction . . . by appropriate legal authorities." Subdivision (c) provides for an award of damages against the landlord for violation of section 789.3. Subdivision (d) requires the trial court to "award reasonable attorney's fees to the prevailing party."

There is no evidence within the appellate record to suggest or establish that Boschee and RE/MAX were landlords of the Fillmore property to support an award of attorney fees within section 789.3. The jury was not requested to nor did they decide such issue. Neff pleaded that Bank of America conducted a foreclosure sale and that Boschee was his caretaker of the property in his absence. It is a reasonable inference from the evidence that RE/MAX and Anderson were the listing broker and agent for Bank of America following the foreclosure sale. As such, the attorney fee provision of section 789.3, subdivision (d) does not apply because they were not "landlords." (*Otanez v. Blue Skies Mobile Home Park* (1991) 1 Cal.App.4th 1521, 1526 ["Because section 789.3 does not apply to persons other than landlords, we can see no basis for holding the managers liable"].)

*DISPOSITION*

The order denying attorney fees is affirmed.  Costs are awarded to respondents.

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

6

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____

Law Offices of Michael D. Kwasigroch, Michael D. Kwasigroch for Plaintiffs and Appellants.

Larry DeSha for Defendant and Respondent Holly Boschee.

Carlson Law Group, Inc., Mark C. Carlson for Defendants and Respondents Vere Enterprises, Inc. and Carol Anderson.